EASTMAN MCCARTNEY DALLMANN LLP
Mathew C. McCartney (SBN 226687)
N. Thomas McCartney (SBN 066758)
Andrew S. Dallmann (SBN 206771)
1430 Truxtun Avenue, Suite 700
Bakersfield, California 93301
Telephone: (661) 334-1800
Facsimile: (661) 334-8016
Email: *matt@emdllp.com; tom@emdllp.com; andrew@emdllp.com*

Attorneys for Plaintiffs, H & M Gopher Control and Allen Hurlburt

UNITED STATES DISTRICT COURT -EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| H & M GOPHER CONTROL, a California general partnership, ALLEN HURLBURT, an individual<br><br>Plaintiffs,<br><br>vs.<br><br>BENCHMARK PEST CONTROL, INC, a California corporation; ANDREW OZANICH, an individual,<br><br>Defendants. | Case No. 1:17-CV-01700-LJO-JLT<br><br>STIPULATED FINAL CONSENT JUDGMENT AND PERMANENT INJUNCTION<br>(Doc. 28) |

Plaintiffs H & M Gopher Control ("H & M Gopher") and Allen Hurlburt ("Hurlburt") on the one hand and defendants Benchmark Pest Control, Inc., ("Benchmark") and Andrew Ozanich ("Ozanich") on the other hand, having entered into a confidential settlement agreement dated March 29, 2019, ("Settlement Agreement") having considered the facts and applicable law and having agreed to the entry of this stipulated final consent judgment and permanent injunction ("Consent Judgment"),

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED as follows:

### Findings of Fact

1. This is an action for, inter alia, patent infringement, trademark infringement, unfair competition, and false designation of origin arising under the laws of the United States and this Court has jurisdiction over the subject matter pursuant to 28 U.S.C. §§ 1331 and 1338(a)-(b) and supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367.

2. Venue lies in this district pursuant to 28 U.S.C. §§ 1391(b) and/or 1401(b) in that the Defendants reside in this district and/or a substantial part of the events at issue in this case occurred within this district.

3. H & M Gopher is a California general partnership with its principal place of business in of Modoc County, California.

4. Hurlburt is an individual residing in Modoc County, California and is a general partner in H&M along with his wife Virginia Massey.

5. Benchmark is a corporation organized under the laws of the State of California with a principal place of business in Bakersfield, California.

6. Defendant Ozanich is the sole shareholder and an officer, director and employee of Benchmark.

7. On September 1, 2009, the United States Patent and Trademark Office issued United States Patent Number 7,581,349, titled "Method and Apparatus for using Pressurized Exhaust Gases to Control Rodents" (hereinafter the "'349 Patent").

8. Hurlburt is the owner and sole inventor of the '349 Patent and is the president of H&M.

9. The '349 Patent pertains to devices and methods for controlling rodents using pressurized exhaust gases from an internal combustion engine. The gasses are compressed and injected under pressure into underground burrows of rodents. The rodent tunnels fill with a very high concentration of injected exhaust gases, such as carbon monoxide, within just a few seconds, quickly overwhelming and exterminating all rodents within the rodent tunnels.

10. In 2005, Hurlburt developed the tradename H & M GOPHER CONTROL and the trademark PERC. Hurlburt authorized his business H&M to act as an exclusive licensee to use the tradename H & M GOPHER CONTROL in connection with its business activities and the

trademark PERC in connection with the gopher control systems sold by H&M and protected by the '349 Patent.

11. In addition to its longstanding common law rights in the H & M GOPHER CONTROL trade name. Hurlburt owns United States trademark registration number 4097962 for the trade name H & M GOPHER CONTROL and United States trademark registration number 4086472 for the trademark PERC. Both registrations have become incontestable under the provisions of 15 U.S.C. § 1065. Both trademarks are valid and subsisting and neither registration has ever been cancelled and are hereinafter collectively referred to as the "trademarks-in-suit."

12. H&M is the exclusive licensee for the trademarks-in-suit and is also the exclusive licensee of the '349 Patent.

13. Ozanich and Benchmark have manufactured and used eight pressurized exhaust gas rodent control machines (hereinafter "Accused Products"), as depicted in Exhibit 5 to the complaint filed on December 18, 2017, and further set forth in the photographs attached as Exhibit A-1 hereto. {Attach photos BENCHMARK_00901, 00902, 00903}

14. The Accused Products have were used in commerce with the PERC trademark and H & M GOPHER CONTROL tradename prominently displayed on them.

## Permanent Injunction

15. Benchmark and Ozanich shall disassemble the eight Accused Devices and shall deliver to H&M the eight motors, cooling coils, compressors and belt guards from the disassembled Accused Devices.

16. Pursuant to the Patent Act, 35 U.S.C. §283 and the Lanham Act, 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a)and 35 U.S.C. Sec 1 et seq, Benchmark and Ozanich, together with their officers, members, directors, agents, servants, employees, and affiliates thereof, representatives and attorneys, and all persons acting or attempting to act in concert or participation with them, are permanently enjoined and restrained from making, using, offering to sell, selling, or distributing within the United States, its territories and possession, or by importing into the United States, its territories and possession, the Accused Products, or any

other goods that are no more than colorable variations thereof and that infringe the '349 Patent or trademarks-in-suit, during the life of the '349 Patent or trademarks-in-suit.

## Miscellaneous Provisions

17. This Consent Judgment shall finally conclude and dispose of this litigation, and, as to Plaintiff and Defendants, this Consent Judgment shall be entitled to issue and claim preclusion effect in future litigation or future proceedings before the United States Patent & Trademark Office related to the Accused Products and trademarks-in-suit.

18. This Court retains exclusive jurisdiction of this action for the purpose of insuring compliance with this Consent Judgment.

19. No appeal shall be taken by any party from this Consent Judgment, the right to appeal from this Consent Judgment being expressly waived by the Parties.

20. Each party shall bear its own costs and attorney's fees.

21. Nothing herein shall be construed as a release as to any third party.

22. Final Judgment shall be entered hereto, forthwith, without further notice. The Clerk is directed to enter this Final Consent Judgment and Permanent Injunction forthwith and to close this action.

IT IS SO ORDERED.

Dated: **April 8, 2019**        **/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE

STIPULATED FINAL CONSENT JUDGMENT AND PERMANENT INJUNCTION
PAGE 4